IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TRACY LANE BEATTY, #999484 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09cv225 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER
DENYING RELIEF FROM JUDGMENT

Petitioner Tracy Lane Beatty is a death row inmate confined in the Texas Department of

Criminal Justice, Correctional Institutions Division.  On July 16, 2013, the court denied his petition

for a writ of habeas corpus challenging his capital murder conviction.  Before the court at this time is

Petitioner's motion for relief from the judgment pursuant to Rule 60(b)(6).  He argues that he has been

denied his right to conflict-free representation in federal habeas corpus proceedings, in violation of 18

U.S.C. § 3599.  His argument is based on an evolving area of decisional law in light of the Supreme

Court's recent decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Trevino v. Thaler*, 133 S. Ct.

1911 (2013);  and *Christeson v. Roper*, 135 S. Ct. 891 (2015).  For reasons set forth below, the court

finds that the motion should be denied.

Background

On August 10, 2004, Petitioner was convicted and sentenced to death in the 241st Judicial

District Court of Smith County, Texas, for the murder of his mother, Carolyn Click, in the course of

burglarizing her home.  The Texas Court of Criminal Appeals affirmed the conviction.  *Beatty v. State,*

No. AP-75010, 2009 WL 619191 (Tex. Crim. App. March 11, 2009). He did not file a petition for a writ of certiorari. The Texas Court of Criminal Appeals subsequently denied his application for a writ of habeas corpus. *Ex parte Beatty*, No. WR-59939-02, 2009 WL 1272550 (Tex. Crim. App. May 6, 2009).

The present petition was filed on June 9, 2010. Petitioner presented the following grounds for relief:

1. Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution by trial counsel's failure to properly investigate, discover and present mitigating evidence; and

2. Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution by trial counsel's failure to properly investigate facts which would have shown that this "killing" was a murder rather than capital murder.

The petition was denied. *Beatty v. Director, TDCJ-CID*, No. 4:09cv225, 2013 WL 3763104 (E.D. Tex. July 16, 2013). In denying relief, the court discussed the ramifications of *Martinez* and *Trevino* on his claims. *Id.* at *16. Petitioner filed a motion for rehearing reurging his claims based on *Trevino*. He also asked for a different attorney on appeal. On August 30, 2013, the court issued an order denying his motion for rehearing, but he was appointed a new attorney.

The Fifth Circuit denied his application for a certificate of appealability. *Beatty v. Stephens*, 759 F.3d 455 (5th Cir. 2014). Petitioner filed a motion for rehearing. He argued that while he was appointed conflict-free counsel for appellate proceedings, the record was developed in the district court by a lawyer laboring under a conflict of interest; thus, any *Martinez/Trevino* review conducted by the district court was necessarily tainted by counsel's conflict of interest. The argument was rejected as follows:

> Petitioner argues that because he may seek relief pursuant to *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), he is entitled to different counsel at his federal habeas proceeding, than he had at his

state habeas proceeding. Petitioner further argues that rehearing is appropriate because the panel did not adequately consider petitioner's lack of conflict-free counsel in his initial federal habeas petition.

> On appeal, and now on petition for rehearing, petitioner was, and is, represented by indisputably conflict-free counsel. In both his petition for rehearing and his initial briefing before this panel, petitioner fails to state what his conflicted counsel in the district court habeas proceeding did improperly, or what his current, conflict-free counsel would have done differently. Likewise, Petitioner does not assert any error by his state habeas counsel that undermined his underlying ineffective-assistance-of-counsel claims.

*Beatty v. Stephens*, No. 13-70026, slip. op. at 2 (5th Cir. Nov. 3, 2014).

After *Christeson* was decided, Petitioner asked the Fifth Circuit to recall the mandate. The motion was denied as follows:

> *Christeson* held that a petitioner was entitled to new counsel to pursue his federal habeas corpus relief because his original counsel would have had to argue his own ineffectiveness. In this case, however, petitioner was, and is, represented by indisputably conflict-free counsel in his federal appeal. Moreover, appellate counsel raised the ineffective-assistance-of-counsel claims under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which we held did not warrant a COA, assuming *arguendo* that there was no procedural bar. *Beatty v. Stephens*, 759 F.3d 455, 465-466 (5th Cir. 2014).

*Beatty v. Stephens*, No. 13-70026, slip. op. at 1-2 (5th Cir. Feb. 26, 2015). In a footnote, the Court observed that "[t]o the extent Petitioner now argues this is a case about his statutory right to conflict-free counsel under 18 U.S.C. § 3599, this was not, and is not, the issue before us." *Id.* at 2 n.1. On May 18, 2015, the Supreme Court denied his petition for a writ of certiorari. *Beatty v. Stephens*, 135 S. Ct. 2312 (2015).

More recently, the Texas Court of Criminal Appeals dismissed a subsequent application for a writ of habeas corpus as an abuse of the writ without reviewing the merits of Petitioner's claims. *Ex parte Beatty*, No. WR-59,939-03 (Tex. Crim. App. Oct. 14, 2015).

The present motion was filed on October 30, 2015. The Director filed a response (docket entry #47) on November 16, 2015. Petitioner filed a reply (docket entry #50) on December 8, 2015.

Discussion and Analysis

A.      Propriety of a Rule 60(b)(6) Motion

The Court must first determine whether Petitioner's motion is properly brought under Rule 60 or if it is a successive petition for habeas relief under 28 U.S.C. § 2244. If a petition is a "second or successive petition," a district court cannot consider it without authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(2). *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014). A Rule 60(b) motion is considered "successive" if it raises a new claim or attacks the merits of the disposition of the case. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). A Rule 60(b) is not successive if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A Rule 60(b) motion based on "habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5.

The Fifth Circuit considered the identical issue in *In re Paredes*, 587 F. App'x 805 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 433 (2014). The Court decided that the motion was properly brought as a Rule 60(b) motion:

> The assertion that [petitioner's] federal habeas counsel had a conflict of interest and that [petitioner] is entitled to reopen the final judgment and proceed in the federal habeas proceedings with conflict-free counsel is a claim that there was a defect in the integrity of the federal habeas proceedings. Such a claim does not assert or reassert claims of error in the state conviction. Allowing [petitioner's] motion to proceed as a Rule 60(b)(6) motion is not inconsistent with 28 U.S.C. § 2244(d).

*Id.* at 823. For the reasons articulated by the Fifth Circuit, the court finds that Petitioner's motion is properly brought under Rule 60(b) and does not constitute a successive petition subject to the requirements of § 2244(b).

4

B.     Timeliness

The next issue for the court's consideration is whether the present motion was timely filed. A motion made pursuant to Rule 60(b)(6), such as the present motion, must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).  To demonstrate "any other reason that justifies relief" under Rule 60(b)(6), a petitioner must show "extraordinary circumstances." *Gonzalez*, 545 U.S. at 536.  "Such circumstances will rarely occur in the habeas context." *Id.* at 535.  The Fifth Circuit held that a Rule 60(b)(6) motion was not filed within a reasonable time when a death row inmate waited eight months after a relevant change in decisional law to file the motion. *Tamayo*, 740 F.3d at 991.

The Fifth Circuit considered whether a Rule 60(b)(6) motion was filed within a reasonable time in light of *Martinez*, *Trevino* and *Christeson* in *Pruett v. Stephens*, 608 F. App'x 182 (5th Cir.), *cert. denied*, 135 S. Ct. 1919 (2015).  The facts of that case are comparable to the facts of this case.  The federal district court denied Pruett's petition for a writ of habeas corpus on August 10, 2010.  Pruett was appointed conflict-free counsel on March 28, 2013.  *Trevino* was decided two months later on May 28, 2013.  New counsel conducted an investigation for purposes of filing an ineffective assistance of counsel claim.  Nonetheless, nothing was filed in the district court until January 6, 2015 - more than nineteen months after *Trevino* was decided.  The district court found that the Rule 60(b)(6) motion was not filed within a reasonable time; thus, it was denied as untimely.  On appeal, Pruett complained that the district court failed to give proper consideration to pleadings that he had filed in state court.  The Fifth Circuit rejected the argument and found that Pruett had not offered any satisfactory explanation for the delay; thus, the decision dismissing the Rule 60(b)(6) motion was affirmed. *Id.* at 187.

In the present case, the court appointed new conflict-free counsel to represent Petitioner on August 30, 2013.  The present motion was not filed until twenty-six months later on October 30, 2015. Petitioner waited seven months more than the length of time involved in *Pruett* to file the present

5

motion. Once again, the Fifth Circuit held in *Pruett* that the Rule 60(b)(6) motion was untimely. Just like the situation in *Pruett*, Petitioner cites *Martinez*, *Trevino* and *Christeson* in an effort to demonstrate "extraordinary circumstances." The Fifth Circuit, nonetheless, found that he had not "demonstrated the 'extraordinary circumstances' required to reopen the judgment." *Pruett*, 608 F. App'x at 185. Just like the situation in *Pruett*, Petitioner cites his efforts to obtain relief in state court during the interim period of time, but the Fifth Circuit rejected his explanation with the observation that he had not offered any satisfactory explanation for the delay in filing the Rule 60(b)(6) motion. *Id.* at 186-87.

Petitioner complains he is the only federal petitioner represented by a conflicted state habeas counsel to have been denied substitute or supplemental counsel in the district court after *Trevino*. He cites two recent decisions by the Fifth Circuit remanding cases on direct appeal with instructions to appoint supplemental conflict-free counsel for the purpose of investigating possible ineffective assistance of counsel claims based on *Martinez/Trevino*. The Fifth Circuit rejected such arguments in *Pruett* as follows:

> This Court's recent decisions in *Speer v. Stephens*, 781 F.3d 784 (5th Cir. 2015), and *Mendoza v. Stephens*, 783 F.3d 203 (5th Cir. 2015), do not lend any support to [petitioner's] argument that his Rule 60(b) motion was timely filed. In both of those cases, the petitioners were represented in federal habeas proceedings by the same counsel who had represented them in state habeas proceedings. Our Court, in the interest of justice, appointed supplemental counsel for the petitioners under 18 U.S.C. § 3599. As we have noted, [petitioner] was appointed conflict-free counsel on March 28, 2013, more than two years ago.

*Pruett*, 608 F. App'x at at 185 n.1. The Fifth Circuit's analysis in *Pruett* is equally applicable to the present case. The Rule 60(b)(6) motion in *Pruett* was untimely filed, and the present motion was filed even later than the motion filed in *Pruett*. Petitioner's Rule 60(b)(6) motion was not filed within a reasonable time and should be denied as untimely.

C.    Extraordinary Circumstances

Timeliness notwithstanding, Petitioner's motion should also be rejected because it lacks merit. His motion is based on an evolving area of decisional law in light of the Supreme Court's recent decisions in *Martinez*, *Trevino* and *Christeson*.  He argues that the post-*Trevino* denial of his request for the appointment of conflict-free counsel created a defect in the integrity of his initial habeas corpus proceedings.  He cites 18 U.S.C. § 3599, which was extensively discussed in *Christeson*.

Petitioner acknowledges that he is seeking relief based on mere changes in decisional law.  The Fifth Circuit has repeatedly held that "[u]nder our precedents, changes in decisional law . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  *See also Pruett*, 608 F. App'x at 185;  *Paredes*, 587 F. App'x at 825.  Most recently, the Fifth Circuit reiterated that a "Rule 60(b) motion is not a proper mechanism to re-litigate the merits of [previously litigated claims] and surely not a proper vehicle for doing so when the judgment from which [a petitioner] seeks relief has been confirmed on appeal." *Trottie*, 581 F. App'x 436, 439 (5th Cir.), *cert. denied*, 135 S. Ct. 41 (2014).  *See also Hall v. Stephens*, 579 F. App'x 282, 283 (5th Cir. 2014) (same); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (recognizing that a Rule 60(b) motion is proper only to challenge a procedural, not a substantive error).  In *Pruett*, the Fifth Circuit held that "nothing in *Christeson* . . . has demonstrated the 'extraordinary circumstances' required to reopen the judgment." *Pruett*, 608 F. App'x at 185.  The changes in decisional law based on *Martinez*, *Trevino* and *Christeson* do not constitute the kind of "extraordinary circumstances" that would warrant relief under Rule 60(b)(6).  The present motion lacks merit in light of clearly established law as decided by the Fifth Circuit.

The Rule 60(b)(6) motion should also be denied because the Fifth Circuit has already considered and rejected Petitioner's arguments based on these three cases.  His *Martinez/Trevino*

arguments were initially rejected when the Fifth Circuit denied his request for a certificate of appealabity. *Beatty*, 759 F.3d at 465-66. He raised the arguments again in his motion for rehearing, which was denied. After *Christeson* was decided, Petitioner asked the Fifth Circuit to recall the mandate. The motion was denied as follows:

> *Christeson* held that a petitioner was entitled to new counsel to pursue his federal habeas corpus relief because his original counsel would have had to argue his own ineffectiveness. In this case, however, petitioner was, and is, represented by indisputably conflict-free counsel in his federal appeal. Moreover, appellate counsel raised the ineffective-assistance-of-counsel claims under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which we held did not warrant a COA, assuming *arguendo* that there was no procedural bar. *Beatty v. Stephens*, 759 F.3d 455, 465-466 (5th Cir. 2014).

*Beatty v. Stephens*, No. 13-70026, slip. op. at 1-2 (5th Cir. Feb. 26, 2015). Petitioner in effect argues that the Fifth Circuit's previous decisions were erroneous and should be overruled, but this court is bound to follow the decisions of the Fifth Circuit.

The present Rule 60(b)(6) motion should be rejected because it is untimely and lacks merit.

## D.    Certificate of Appealability

Under 28 U.S.C. § 2253(c), a certificate of appealability should issue only when "the applicant has made a substantial showing of the denial of a constitutional right." When a petition is denied on the merits, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," and when a petition is denied on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable when the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of *Pruett*, *Paredes*, *Trottie*, the court is of the opinion that reasonable jurists could neither debate the denial of Petitioner's Rule 60(b)(6) motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

8

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). A certificate of appealability should be denied. It is accordingly

**ORDERED** that Petitioner's motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (docket entry #45) is **DENIED**. A certificate of appealability should be denied. All motions not previously ruled on are **DENIED**.

**SIGNED this the 31st day of March, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE