IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRACY BEATTY, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. |
| § | 4:09-CV-00225-SDJ |
| BOBBY LUMPKIN, § | |
| Director, Texas Department of § | **CAPITAL CASE** |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO COMPEL TDCJ TO UNSHACKLE PETITIONER'S HANDS DURING EXPERT EVALUATIONS**

Pursuant to a judgment and sentence of death out of Smith County, Texas, Tracy Beatty's execution is scheduled for November 9, 2022. On September 2, 2022, Beatty filed a motion requesting that this Court issue an order compelling the Texas Department of Criminal Justice (TDCJ) to unshackle his hands during proposed expert evaluations. ECF 72. Beatty states that "[i]n preparation for seeking clemency and assessing the viability of other potential litigation, counsel has retained a neuropsychologist and a psychiatrist to evaluate [him]." ECF 72 at 1. Attached to the motion are two letters from the proposed experts that indicate that the anticipated testing requires Beatty to have the full use of his hands. ECF 72-1; 72-2. Because this Court does not have the authority to grant Beatty's motion, the Director files this response in opposition to Beatty's motion.

1

It appears that Beatty claims that 18 U.S.C. § 3599(e) gives this Court jurisdiction to consider and grant his request. ECF 72 at 2. This is not so. Beatty's arguments are based upon a misunderstanding of § 3599's purpose and scope.

Beatty claims that his counsel has information that has led them to believe that they should investigate Beatty's mental and cognitive condition. ECF 72 at 2. He then points out that § 3599 entitles him to "representation through 'all available post-conviction process,' including applications for stays of execution, competency proceedings, and clemency proceedings." ECF 72 at 2. According to Beatty, TDCJ's policy of keeping a death row inmate's hands shackled during visitation will prevent his experts from effectively evaluating him. ECF 72 at 1–2. This will render "counsel . . . unable to discharge their responsibilities to Mr. Beatty under § 3599." ECF 72 at 2. Furthermore, if Beatty is shackled, he claims that "his ability to seek available remedies under § 3599 will be harmed." ECF 72 at 2.

However, § 3599 does not provide an inmate with "remedies." ECF 72 at 2. Nor does § 3599 provide assurance that no outside entity will act in a manner that renders counsel "unable to discharge their responsibilities." ECF 72 at 2. Section 3599 does nothing more than provide funding to an indigent defendant charged with a crime punishable by death who would otherwise be "unable to obtain adequate representation or investigative, expert, or other reasonably necessary services." 18 U.S.C. § 3599(a)(1). The statute does not confer

2

jurisdiction upon a federal district court beyond that necessary to grant a request for funds. There is no caselaw or anything in the plain language of § 3599 that would indicate otherwise.

Although this issue has not been addressed by the Fifth Circuit Court of Appeals, both the Sixth and Ninth Circuits have issued opinions acknowledging § 3599's limitations in this regard.[1] *See Baze v. Parker*, 632 F.3d 338 (6th Cir. 2011), *cert. denied*, 130 S. Ct. 230 (2011); *Leavitt v. Arave*, 682 F.3d 1138 (9th Cir. 2012), *cert. denied*, 132 S. Ct. 2770 (2012). In *Baze v. Parker*, the Sixth Circuit considered a case where the facts are virtually identical to the present situation. 632 F.3d at 339–41. In *Baze*, as part of an investigation related to his clemency application, the inmate wanted to interview prison personnel at the Kentucky Department of Corrections (KDOC). *Id.* When the KDOC denied Baze's investigator the requested access to the employees, Baze filed a motion in the

---

[1] The Fifth Circuit has found that, under certain circumstances, "a federal court. . .has jurisdiction under 28 U.S.C.] § 2251 to enter a stay of execution to make the defendant's § 3599 right effective." *Battaglia v. Stephens*, 824 F.3d 470, 474-75 (5th Cir. 2016) (internal quotation omitted). This jurisdiction derives from the plain language of 28 U.S.C. § 2251(a)(3), codifying *McFarland v. Scott,* 512 U.S. 849, 858 (1994), and authorizes a federal court to temporarily stay state court proceedings in order for newly appointed § 3599 counsel to prepare a habeas corpus application, but only where the court would have jurisdiction to entertain an application. *Battaglia* involved an inmate that had been abandoned by counsel. 824 F.3d at 474-75. The Fifth Circuit stayed the execution to allow Battaglia to be appointed a new attorney for the purpose of challenging his competency to be executed. *Id.* Beatty, on the other hand, has not been abandoned by counsel, does not allege incompetency, and is not a requesting a stay of execution. In any event, the undersigned has not located a case where a court has addressed a federal court's jurisdiction to issue *discovery orders* to effectuate any right to counsel under § 3599, and Beatty provides no such authority.

3

federal district court seeking an order to compel the KDOC to permit him to conduct the interviews. *Id.* at 339–40. Like Beatty, Baze argued that § 3599 provided the federal district court with jurisdiction to issue such an order.[2] *Id.* at 340. The Sixth Circuit disagreed stating that § 3599 provided authority "to authorize, for purposes of compensation, an attorney to acquire an investigator's efforts—not his total success." *Baze*, 632 F.3d at 343. The statute does not enable a federal court to order an outside party, even a state actor, to "stand down."[3] *Id.* "Although state interference with a defendant's efforts to obtain evidence in support of a state clemency application could be a problem, a solution is more appropriately fashioned in state court and, in any case, *is nowhere to be found in 18 U.S.C. § 3599.*" *Id.* at 345 (emphasis added).

Likewise, citing *Baze*, in *Leavitt v. Arave*, the Ninth Circuit Court of Appeals stated the following

> As to clemency, Leavitt argues that the district court has jurisdiction to grant the testing motion under 18 U.S.C. § 3599(f), so he can use it in support of his state clemency petition. But, section 3599(f) provides for "nothing beyond ... funding power" and doesn't "empower

---

[2] Baze also argued that the All Writs Act, 28 U.S.C. § 1651 provided the district court with jurisdiction. This argument failed as well. *Baze*, 632 F.3d at 341, 345–46.

[3] The Sixth Circuit also pointed out that, because § 3599 affected only indigent inmates, to hold that it conferred jurisdiction beyond that necessary to grant funding would give indigent inmates rights beyond those of other death row inmates. *Baze*, 632 F.3d at 344. The court found that it was "implausible that Congress enacted section 3599, not to level the playing field by providing indigent death row inmates with the same access to clemency attorneys available to paying inmates, but to tip the balance in the other direction." *Id.*

the court to order third-party compliance" with Leavitt's attorneys' investigations.

682 F.3d at 1141.[4] This Court's authority to authorize payment of fees and expenses for services it determines reasonably necessary for counsel's representation of Beatty does not extend to permit it to grant Beatty's request.

Nonetheless, even if § 3599 could somehow be construed to permit this Court to issue discovery orders, Beatty cannot meet the requirements that would allow the Court to do so. Under 28 U.S.C. § 2254(e) and Rule 6 of the Federal Rules of Civil Procedure Governing Section 2254 Cases in the United States District Courts, before a petitioner may seek, and a federal court may order, discovery, there must "be a proceeding instituted by an application for a writ of habeas corpus." 28 U.S.C. § 2254(e)(1). As stated above, there are no live pleadings before this Court. Because all of the analysis surrounding a petitioner's request to conduct discovery presumes that there is a petition pending, there is no need to proceed further.[5]

---

[4] The Ninth Circuit recently reaffirmed this in *Pizzuto v. Tewalt*, stating that "18 U.S.C. § 3599. . . does not 'empower the court to order third-party compliance' to aid plaintiff's counsel in seeking clemency. 997 F.3d 893, 908 (9th Cir. 2021) (quoting *Leavitt*, 682 F.3d at 1141).

[5] Discovery may be granted only when a petition for writ of habeas corpus "establishes a prima facie claim for relief." R. Gov'g § 2254 Cases U.S. Dist. Cts. 6(a); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris v. Nelson*, 394 U.S. 286, 290 (1969)).

Further, the Supreme Court's recent decisions in *Shinn v. Martinez Ramirez* and *Shoop v. Twyford* make clear that a federal district court has "a very narrow role" on habeas review of a state conviction. *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718, 1731 (2022); *Shoop v. Twyford*, 142 S. Ct. 2037, 2045 (2022). Federal law not only limits a federal court's ability to consider new evidence—it restricts the ability of a federal habeas court to develop new evidence as well. *Twyford*, 142 S. Ct. at 2043. Therefore, a federal court "must, consistent with AEDPA, determine at the outset whether the new evidence sought could be lawfully considered" in the consideration of a specific claim for relief. *Id.* at 2044, 2046.

In *Twyford*, the federal district court dismissed most of the petitioner's claims as procedurally defaulted but permitted some of his claims to proceed. *Id.* at 2041. At that point, Twyford sought an order requiring that the warden of an Ohio correctional facility transport him to a medical facility to undergo neuropsychological testing that he believed was necessary for him to investigate and develop the remaining claims. *Id.* at 2042. The Supreme Court overruled the district court and Sixth Circuit's transportation order holding that

> [c]ommanding a State to take the[] risks [inherent in prisoner transport] so that a prisoner can search for unusable evidence would not be a 'necessary or appropriate' means of aiding a federal court's limited habeas review.

*Id.* at 2045.

Similar to *Twyford*, Beatty asks this Court to order TDCJ to deviate from its established safety protocol to allow him to seek to develop evidence of no discernable value. Beatty's proposed evaluations are not "necessary or appropriate in aid of" this Court's federal habeas jurisdiction. *Twyford*, 142 S. Ct. at 2045. They would do nothing more than enable Beatty to "fish for unusable evidence in the hope that it might undermine his conviction in some way." *Id.* Beatty acknowledges the fishing nature of his request when he states that he seeks to "assess[] the viability of other potential litigation." ECF 72 at 1. This Court cannot grant discovery in anticipation that the inmate would potentially develop evidence that may be admissible in some future litigation to be filed in an unnamed court.

Beatty cites to *Young v. Hayes,* a case from the Eighth Circuit Court of Appeals for the proposition that, despite the fact that there is no federal due process right to clemency, a state official cannot frustrate a clemency procedure established by state law. ECF 72 at 3; *Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000). This case does not support Beatty's request under the current circumstances. First, at the risk of belaboring the issue, there was an active case brought by the inmate under 42 U.S.C. § 1983.[6] *Id.* at 851. Young was not asking

---

[6] Beatty's counsel is fully aware this Court lacks jurisdiction to grant the relief he seeks under § 1983. *See Ochoa v. Collier,* 802 F. App'x 101, 105 (5th Cir. 2020) (explaining that, prior to filing a clemency application, any constitutional challenges to clemency proceedings are speculative and likely constitute improper requests for mandamus relief against state officials).

the court to act pursuant to any alleged jurisdiction granted by § 3599. *Id.* Second, the relief requested was not an order to compel a state official to act in any way. *Id.* Young sought a stay of execution and a reversal of the district court's order dismissing his petition for habeas corpus. *Id.* Finally, when quoting the opinion, Beatty conspicuously omits the final part of the quoted sentence which is crucial to understand the circumstances of the state interference. ECF 72 at 3. Having previously noted that the state interference essentially constituted a criminal act, the full quote reads

> The Constitution of the United States does not require that a state have a clemency procedure, but, in our view, it does require that, if such a procedure is created, the state's own officials refrain from frustrating it by threatening the job of a witness.

*Young,* 218 F.3d at 853. The Eighth Circuit's holding in *Young* has no bearing on Beatty's request.

Finally, although Beatty suggests that the Director's opposition on this issue is disingenuous in that the Director has sought an order to unshackle an inmate in another case, the circumstances surrounding that request were in no way like those here.[7] Beatty argues that "[t]he Director's opposition to this request is without merit. This is particularly true because the Director seeks, and has obtained, the same type of order when it suits his litigation needs." ECF 72

---

[7] This is also true for the case Beatty cites to in which the Director did not oppose a similar motion filed by the petitioner. *Ricks v. Lumpkin,* No. 4:30-cv-1299 (N.D. Tex. April 19, 2022). ECF 72 at 2.

8

at 2. Among the factors distinguishing the case in *Washington v. Lumpkin* from Beatty's situation are that, in *Washington*, 1) there was habeas litigation pending in the federal district court; 2) the court had already granted discovery in various forms; 3) the petitioner had already been examined in like fashion by experts of his choosing; 4) there was a hearing date scheduled; and 5) at that point it was presumed that the evidence would be admissible to evaluate claims at issue in the case.[8] Therefore, to the extent that Beatty accuses the Director of availing himself of "the same type of order when it suits his litigation needs," Beatty is correct. ECF 72 at 2. The difference is that there *was* a pending habeas petition, authorized discovery under Rule 6, and a scheduled evidentiary hearing in *Washington*.[9] There is none of the above here.

## CONCLUSION

Section "3599(f) provides a federal court with no jurisdiction to issue any order beyond the authorization of funds."[10] *Baze*, 632 F.3d at 345. Beatty

---

[8] The orders in *Washington* and *Ricks* were both requested and granted prior to the Supreme Court's decisions in *Martinez Ramirez* and *Twyford*.

[9] Furthermore, the intervening decisions of *Martinez Ramirez* and *Twyford* cannot be ignored in the analysis.

[10] Section 3599 similarly fails to provide any basis which would allow Beatty to avoid the adversarial process and enable him to file ex parte documents to support a request that this Court cannot grant. *See* ECF 72 at 2 ("Mr. Beatty requests permission to file an ex parte, sealed document with that information as it would necessitate divulging information protected by the attorney-client privilege and work product doctrine.") Furthermore, Beatty's generic request is insufficient to provide a proper showing of his need for confidentiality. 18 U.S.C. § 3599(f).

suggests no other authority that would provide this Court jurisdiction to issue the order he requests. His motion must be denied.

                                          Respectfully submitted,

                                          KEN PAXTON
                                          Attorney General of Texas

                                          BRENT WEBSTER
                                          First Assistant Attorney General

                                          JOSH RENO
                                          Deputy Attorney General
                                          for Criminal Justice

                                          EDWARD L. MARSHALL
                                          Chief, Criminal Appeals Division

                                          *s/ Rachel L. Patton*
                                          RACHEL L. PATTON*
*Lead Counsel                          Assistant Attorney General
                                          State Bar No. 24039030

                                          P. O. Box 12548, Capitol Station
                                          Austin, Texas 78711
                                          (512) 936–1400
                                          Facsimile No. (512) 936–1280

                                          ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that on September 12, 2022, I electronically filed the forgoing pleading with the Clerk of the Court for the United States District Court, Eastern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following counsel of record, who consented in writing to accept the Notice as service of this document by electronic means:

Scott Smith
P.O. Box 354
Sherman, TX 75091-0354
903-868-8686
Email: scottsmithlawyer@gmail.com

Jeremy Schepers
Office of the Federal Public Defender
Northern District of Texas
525 Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
Email: jeremy_schepers@fd.org

*s/ Rachel L. Patton*
RACHEL L. PATTON
Assistant Attorney General