UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRACY LANE BEATTY | § |
| | § |
| v. | § |
| | § CIVIL NO. 4:09-CV-225-SDJ |
| BOBBY LUMPKIN, Director of the | § |
| Texas Department of Criminal | § |
| Justice, Correctional Institutions | § |
| Division | § |

## ORDER

Before the Court is Petitioner Tracy Lane Beatty's post-habeas motion to compel the Texas Department of Criminal Justice (TDCJ) to unshackle his hands during upcoming expert evaluations. (Dkt. #72). The State has filed a response in opposition. (Dkt. #74). The motion will be **DENIED**.

## I.

Beatty is scheduled for execution on November 9, 2022. Currently, there is no pending litigation before this Court. *See Beatty v. Stephens*, 759 F.3d 455 (5th Cir. 2014), *cert. denied*, 575 U.S. 1011 (2015); *see also Beatty v. Davis*, 755 F. App'x 343 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 54 (2019) (affirming denial of COA for Rule 60(b) motion).

Beatty states that "[i]n preparation for seeking clemency and assessing the viability of other potential litigation, counsel has retained a neuropsychologist and a psychiatrist to evaluate [him]." (Dkt. #72 at 1). Beatty attaches two letters from his experts recommending that Beatty have the full use of his hands during the anticipated testing and/or evaluation. (Dkt. #72-1; #72-2).

1

Despite the absence of any pending litigation before this Court, Beatty claims that 18 U.S.C. § 3599(e) gives this Court jurisdiction to consider and grant his request. (Dkt. #72 at 2). He accurately states that Section 3599 entitles him to "representation through 'all available post-conviction process,' including applications for stays of execution, competency proceedings, and clemency proceedings." (Dkt. #72 at 2). He claims that TDCJ's policy of keeping a death row inmate's hands shackled during visitation will prevent his experts from effectively evaluating him (Dkt. #72-1–2) and render "counsel . . . unable to discharge their responsibilities to Mr. Beatty under § 3599." (Dkt. #72 at 2).

## II.

Beatty is incorrect that Section 3599 empowers a federal court to compel state officials to disregard prison visitation procedures. That statute provides funding to indigent capital defendants for attorneys and related services but does not confer jurisdiction on the federal courts to compel state action. *See Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011) ("[T]he district court in this case correctly concluded that 3599(f) provides a federal court with no jurisdiction to issue any order beyond the authorization of funds."); *Leavitt v. Arave*, 682 F.3d 1138, 1141 (9th Cir. 2012) ("[S]ection 3599(f) provides for nothing beyond . . . funding power and doesn't empower the court to order third-party compliance with [an] attorneys' investigations.").

The only exception is that a federal court may order a stay of execution of up to ninety days following a prisoner's application for appointment of counsel under

Section 3599(a)(2). But that exception springs not from Section 3599 itself but instead from another federal statute that expressly authorizes stays on executions in post-conviction proceedings following a prisoner's request for counsel. *See* 28 U.S.C. § 2251(a)(3).

Beatty's arguments to the contrary are unavailing. To begin, the plain language of Section 3599 does not support federal jurisdiction for an order compelling state action. Although the Court may authorize attorneys to obtain services on the prisoner's behalf, 18 U.S.C. § 3599(e), the statute does not empower the Court to compel those services from a State. Even when a federal court *has* jurisdiction over a post-conviction proceeding, federal courts are loath to compel state officials to disregard safety procedures. *Cf. Shoop v. Twyford*, 213 L.Ed. 2d 318, 142 S.Ct. 2037, 2045 (2022) ("Commanding a State to take [the risk of transporting a prisoner] so that a prisoner can search for unusable evidence would not be a necessary or appropriate means of aiding a federal court's limited habeas review." (quotations omitted)).[1]

Beatty directs the Court's attention to decisions from other district courts granting motions to unshackle prisoners. *See Washington v. Lumpkin*, No. 4:07-cv-721 (S. D. Tex. Feb. 15, 2022), (Dkt. #227); *Ricks v. Lumpkin*, No. 4:20-cv-1299 (N.D. Tex. March 4, 2022) (Dkt. #26); *Panetti v. Lumpkin*, No. 1:04-cv-0042 (W.D. Tex. June 29, 2022) (Dkt. #268). But those decisions considered either unopposed motions

---

[1] If the Court could compel state action under Section 3599, that would create an odd result where "indigent death row inmates" would have "enforceable rights not available to other death row inmates." *Baze*, 632 F.3d at 345.

3

or motions for which the government offered no response, and there was no analysis of the court's authority to grant motions to compel state action under Section 3599. Further, in each of those cases a habeas petition was pending, meaning that the Court's jurisdiction did not depend solely on Section 3599, if at all.

Nor can Beatty establish the Court's jurisdiction under Supreme Court's decision in *McFarland v. Scott*, 512 U.S. 849, 851, 114 S.Ct. 2568, 2570, 129 L.Ed. 2d 666 (1994). In that case, the Supreme Court held that that a prisoner's right to counsel—and in turn, his right to stay his execution pending appointment of counsel—begins when he files an application requesting counsel and not when a habeas petition is filed. *Id.* at 2572–74. In reaching that conclusion, the Court resolved an ambiguity as to what constitutes a "post conviction proceeding;" the Court did not establish any new authority to compel state action.[2] *Id.*

Besides Section 3599, Beatty does not provide any basis for the Court's jurisdiction. Because no habeas petition is pending in this Court, Beatty cannot invoke the procedures in Federal Rule of Civil Procedure 60 or in 28 U.S.C. § 2254 as grounds for jurisdiction.[3] *See Beatty v. Davis*, 755 F. App'x 2018 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 54 (2019) (affirming denial of COA for Rule 60(b) motion).

---

[2] Beatty also cites *Cherrix v. Braxton*, 131 F.Supp.2d 756, 774 (E.D. Va. 2001). But when that decision was appealed to the Fourth Circuit, a concurring opinion persuasively explained that the district judge's authority rested not on a federal funding statute alone, but also under habeas discovery procedures. *See In re Braxton*, 258 F.3d 250, 262 (4th Cir. 2001) (Traxler, C.J., concurring). Similarly, in *Young v. Hayes*, 218 F.3d 850, 851, 853 (8th Cir. 2000), the Court's authority to enjoin a state execution did not arise under Section 3599.

[3] Clemency, of course, is a state executive branch proceeding, not a federal judicial proceeding, *see* TEX. CONST., art. IV, § 11; TEX. CRIM. PROC. CODE art. 48.01. The Governor of Texas, based on a recommendation of the Board, may grant clemency. Under Texas

Nor can Beatty classify his request as a writ of mandamus. A federal district court's mandamus authority to compel state action is narrow and not implicated here. *Moye v. Clerk, Dekalb Cty. Superior Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973); *Emerson v. Owens*, 472 F. App'x 308, 2012 WL 2525998, at *1 (5th Cir. 2012); *see also Max-George v. Hon. Justices of the Ct. of Crim. App. of Tex.*, 788 F. App'x 274, 274–75 (5th Cir. 2019) ("The federal courts' mandamus authority does not extend to directing state officials in the performance of their duties and functions.").

Given the above analysis, Beatty's motion fails to adequately address the Court's jurisdiction to grant his motion. A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

---

procedure, an inmate facing execution may file a written application for a "reprieve from execution" or "commutation of death sentence" to a sentence of life imprisonment "not later than the twenty-first calendar day before the execution is scheduled." 37 TEX. ADMIN. CODE §§ 143.43(a), 143.57(b). The Board then makes a non-binding recommendation to the Governor. The State of Texas Constitution grants to the Governor the sole power of granting clemency. TEX. CONST., art. IV, § 11.

5

## III.

For the foregoing reasons, it is **ORDERED** that Beatty's Opposed Motion to Compel the Texas Department of Criminal Justice to Unshackle Petitioner's Hands During Expert Evaluations (Dkt. #72) is **DISMISSED** for lack of jurisdiction.

**So ORDERED and SIGNED this 16th day of September, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE